## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02016-DOC-DFM                     Date:  February 20, 2025

Title: Jessica Reynolds, et al. v. Saddleback Valley Unified School District, et al.

PRESENT:        THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA [15]**

Before the Court is Plaintiffs Jessica Reynolds ("Reynolds"), D.E., a minor by and through her Guardian Siamack Shay, and L.E., a minor by her guardian Siamack Esmaili's, ("L.E") (collectively "Plaintiffs") Motion to Remand ("Motion" or "Mot.") (Dkt. 15). The Court finds this matter suitable for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. For the reasons explained below, the Court **DENIES** the Motion.

### I.      Background

#### A.  Factual Background

Plaintiffs claim that they were falsely imprisoned, bullied, coerced, pressured, and humiliated for choosing not to give informed consent to wear a mask at school per Defendants' "masking policy." *See generally* Second Amended Complaint for Damages ("SAC")(Dkt. 28-1 Exhibit filed by Defendants Saddleback Valley Unified School District, et al). Defendants in this case are Saddleback Valley Unified School District, a California school district, and Crystal Turner, in her official capacity as principal of Foothill Ranch Elementary and in her capacity as an individual (collectively "Defendants"). *Id.* at 2.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02016-DOC-DFM                    Date: February 20, 2025

                                                                        Page 2

Plaintiffs claim that their rights were violated by not being allowed to protest the masking policies and that this violation caused them emotional distress. *See generally id.* The Second Amended Complaint alleges the following causes of action: (1) False Imprisonment; (2) Negligence; (3) Intentional Infliction of Emotional Distress; (4) Violation of Tom Bane Act Civil Code § 52.1; and (5) Civil Rights Violations of First and Fourteenth Amendments of the U.S. Constitution, Cal. Const. art. I, § 2(a); Educ. Code § 48907(a). *See generally id.*

### B.  Procedural Background

Plaintiffs originally commenced this action on July 13, 2023 in state court. *Reynolds v. Saddleback Valley Unified Sch. Dist.*, No. 30-2023-01336429-CU-CR-CJC (Cal. Super. Ct. filed July 13, 2023). After Plaintiffs filed their SAC in the Orange County Superior Court on August 16, 2024, Defendants filed a Notice of Removal on September 13, 2024 ("Notice") (Dkt. 1). Plaintiffs then filed a Motion to Remand to Orange County Superior Court on October 16, 2024. *See* Mot. Defendants opposed the Motion to Remand (Opp'n.)(Dkt. 22) on October 28, 2024, to which Plaintiffs did not reply.

### II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed against removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This provision is usually invoked when plaintiffs plead a cause of action created by federal law. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manuf.*, 545 U.S. 308, 312 (2005). Federal-question jurisdiction may be the basis for removal to a federal court if the adjudication of plaintiff's claims for relief depends on the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:24-cv-02016-DOC-DFM                    Date: February 20, 2025

Page 3

laws of the United States. *See Mims v. Arrow Fin. Serv.*, 565 U.S. 368, 377 (2012). "A suit arises under the law that creates the cause of action." *American Well Works Co. v. Layn & Bowler Co.*, 241 U.S. 257, 260 (1986). In determining whether a federal district court has "arising under" jurisdiction over a claim, we must keep in mind "the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts": the well-pleaded complaint rule. *California Shock Trauma Air Rescue v. State Compen. Ins. Fund*, 636 F.3d 538, 541 (9th Cir. 2011). "Under the well-pleaded complaint rule, the Court must determine whether "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* Further, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint*." Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A state law claim can give rise to federal question jurisdiction under the embedded federal question doctrine. See *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). A federal question is embedded in a state law claim, thus spawning federal jurisdiction, if a "federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 311.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte. See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02016-DOC-DFM                    Date: February 20, 2025

Page 4

### III.    Discussion

### A.  Was Plaintiff's Motion to Remand Timely?

Defendants argue that Plaintiffs' Motion to Remand is untimely because it was filed more than thirty (30) days after Defendants filed their Notice of Removal. Opp'n. at 3.

Under 28 U.S.C. § 1447(c), a motion to remand based on any defect other than lack of subject matter jurisdiction must be filed within thirty days after the notice of removal is filed. However, if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded. § 1447(c). The Ninth Circuit concluded that a district court may remand a case to state court only upon a timely motion, unless there is a defect in subject matter jurisdiction, in which case remand is mandatory at any stage of the proceedings. *Demartini v. Demartini*, 964 F.3d 813, 815 (9th Cir. 2020) (citing § 1447(c)).

Here, Plaintiffs' Motion to Remand is based on their claim that Defendants' removal of the case to federal court was untimely and improper. *See generally* Mot. Plaintiffs contend that Defendants incorrectly assert that the Second Amended Complaint (SAC) is the first instance where federal claims under the First and Fourteenth Amendments of the United States Constitution are raised. *Id.* at 1. Plaintiffs argue that a federal claim was present in the original Complaint, filed in July 2023, and that Defendants should have removed the case within 30 days from that filing. *Id.* Defendants, however, did not remove the case until September 13, 2024. *See generally* Notice.

Because Plaintiffs' Motion to Remand is not based on a lack of subject matter jurisdiction but untimeliness, it was required to be filed within 30 days of the Notice of Removal, pursuant to § 1447(c). Defendants filed their Notice of Removal on September 13, 2024, and Plaintiffs filed their Motion to Remand on October 16, 2024—thirty-three

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02016-DOC-DFM                    Date: February 20, 2025

Page 5

days later. Accordingly, the Motion to Remand is untimely under §1447(c) and is therefore **DENIED.**

### B. Was Removal Timely?

Even if Plaintiffs' Motion to Remand was timely, the Court would still find that Defendants' Notice of Removal was properly filed within the statutory deadline.

The key issue is determining when Defendants' removal clock was triggered under 28 U.S.C. § 1446(b)(3). Plaintiffs argue that their original Complaint, filed in July 2023, contained federal causes of action, thereby triggering the 30-day removal period at that time. Mot. at 1. In contrast, Defendants contend that neither the original Complaint nor the First Amended Complaint (FAC) set forth a federal question. Opp'n. at 5. Instead, they argue that a federal cause of action was first pleaded in the Second Amended Complaint (SAC), filed on August 16, 2024, thereby making their September 13, 2024, removal timely. Notice at 3.

Under § 1446(b), the removal period depends on when the basis for federal jurisdiction becomes apparent. 28 U.S.C. § 1446(b). If the initial pleading provides clear notice that the case is removable, the 30-day period begins when the defendant receives the complaint. *Id.* If the initial pleading does not provide this notice, the removal period begins when the defendant receives "a copy of an amended pleading, motion, order, or other paper" indicating for the first time that the case is removable. § 1446(b)(3).

Federal district courts have original jurisdiction over claims arising under the U.S. Constitution, treatise, or federal law. Under the well-pleaded complaint rule, a case "arises under" federal law only if a federal question appears on the face of the plaintiff's complaint. *City of Oakland v. BP PLC,* 969 F.3d 895 (9th Cir. 2020). A plaintiff cannot defeat removal by "masking or artfully pleading" a federal claim as a state claim. *Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368, 1372 (9th Cir. 1987).

Examining the original Complaint, no federal cause of action was explicitly pleaded. For example, the caption on the original Complaint listed seven causes of action, all under California state law and the California Constitution. *See generally* Complaint ("Compl."). The Complaint also made references to the U.S. Constitution under "General Allegations," but these references did not form the basis of a federal claim. *Id.* at 3. Specifically, it cited California statutes requiring equal education opportunities, noting that these policies were "guaranteed by the federal and state Constitutions." *Id.* at ¶ 14. And it also referenced

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02016-DOC-DFM                    Date: February 20, 2025

Page 6

parental rights, citing California appellate decisions that discuss constitutional principles. *Id.* at ¶ 15.

Although Plaintiffs argue that these references provided clear notice of a federal claim, a fair reading of the original Complaint suggests otherwise. The claims were brought under the California Constitution, and no citations were made to the U.S. Constitution as a direct cause of action. *See generally id.* The references to federal law appeared to support state claims rather than to assert independent federal claims.

Unlike the original Complaint, the SAC explicitly asserted a federal cause of action. For example, in the SAC, Plaintiffs sought damages for violations of the First and Fourteenth Amendments of the U.S. Constitution. *See generally* SAC. The caption of the SAC specifically listed "Civil Rights Violations of First and Fourteenth Amendments of the U.S. Constitution" as a cause of action—alongside claims under California law. *Id.*

Thus, the SAC is the first instance in which a federal cause of action was explicitly pleaded, thereby triggering the removal clock. Since Defendants filed their Notice of Removal within 30 days of receiving the SAC, their removal was timely and proper under § 1446(b).

In conclusion, the well-pleaded principle is critical because it prevents plaintiffs from "masking" federal claims as state claims to avoid removal. *See Sullivan,* 813 F.3d at 1372. Here, the SAC was the first pleading that unambiguously presented a federal question, making Defendants' removal both timely and proper.

Accordingly, even if Defendants' Motion to Remand was timely—which it was not— the first well-pleaded federal claim appeared in the SAC. Thus, Defendants' removal was timely, and Plaintiffs' Motion to Remand is **DENIED.**

## IV.   Disposition

For the reasons set forth above, the Court hereby **DENIES** Plaintiffs' Motion to Remand this case to the Superior Court of California.

The Clerk shall serve this minute order on the parties.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-cv-02016-DOC-DFM                      Date: February 20, 2025

                                                                            Page 7

MINUTES FORM 11                                    Initials of Deputy Clerk:
                                                                                        kdu
CIVIL-GEN